**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Ger L.,<br><br>Petitioner,<br><br>v.<br><br>Department of Homeland Security (DHS),<br><br>Respondent. | Case No. 26-cv-3215 (LMP/DJF)<br><br><br><br>**ORDER** |

The Court previously directed the government to submit a response to Petitioner Ger L.'s petition for a writ of habeas corpus, which alleges he has been unlawfully detained for longer than permitted by the Due Process Clause as he awaits removal from the United States. In response, the government has submitted a motion to transfer this matter or, alternatively, for the habeas petition to be denied on the merits.

The motion for a transfer will be denied. The government correctly observes out that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). But the government is wrong to conclude that Petitioner's transfer to another district while this matter is pending requires that this proceeding also be transferred. "Once the custodian is properly served, subsequent transfer of the petitioner does not cause a loss of habeas corpus jurisdiction in the original district." *Weeks v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1981). The government does not contend that Petitioner's transfer occurred before he filed his habeas petition. Rather, Petitioner remained in the District of Minnesota when he prepared his habeas petition, which is dated July 8, 2026—the same date on which the Court received the habeas petition and the same date on which

the petition was served on the government. That the government subsequently transferred Petitioner elsewhere does not necessitate that this matter also be transferred.

The government's argument that there is substantial reason to believe Petitioner's removal from the United States is imminent, and that his detention pending removal is therefore lawful, is more compelling. The government represents that travel documents have been procured for Petitioner and that he "is currently scheduled for removal to Laos on a date certain within the next sixty days [as of July 17, 2026]." (ECF No. 6 ¶¶ 13, 16.) There is reason to believe this removal may have already occurred, as Petitioner no longer appears in the Online Detainee Locator System maintained by U.S. Immigration and Customs Enforcement and he has not filed a reply to the government's response.

To clarify the record, the government must file a status update by **August 18, 2026** regarding its efforts to remove Petitioner from the United States. That status update should clarify: (1) whether Petitioner remains in the custody of the federal government; and (2) if so, whether there is a "significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Petitioner may file a reply to that response by **August 25, 2026**.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Respondent's motion for transfer (ECF No. 5) is **DENIED**.

2. Respondent is directed to provide a status update, as set forth above, by **August 18, 2026**.

3. Petitioner may file a reply to the response by **August 25, 2026**.

Dated: August 11, 2026

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge