**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Ger L.,

Petitioner,

v.

Department of Homeland Security (DHS),

Respondent.

Case No. 26-cv-3215 (LMP/DJF)

**REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner Ger L.'s petition for a write of habeas corpus (ECF No. 1) ("Petition"). The Petition alleged that immigration officials were unlawfully detaining him pending removal from the United States despite a lack of evidence that the government was likely to carry out removal in the foreseeable future. (*See* ECF No. 1 at 7.) On August 11, 2026, Respondent informed the Court that the government had removed Petitioner from the United States on July 28, 2026. (*See* ECF No. 8.) The Court afforded Petitioner an opportunity to file a reply to Respondent's submission by no later than August 25, 2026 (*see* ECF No. 7), but that deadline has now passed, and Petitioner has not filed a reply. In fact, Petitioner has not filed anything at all in this matter after filing his Petition.

Article III of the United States Constitution "limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Hayden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances … and a federal court can no longer grant effective relief, the case is considered moot." *Id.* at 469 (internal citation and quotation marks omitted). Article III mootness divests the Court of subject matter jurisdiction. If a court determines that it

lacks subject matter jurisdiction at any time during the proceedings, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

Petitioner's removal from the United States leaves nothing for the Court to grant by way of habeas relief. He is no longer in Respondent's custody, and as a result, the Court cannot order his release from Respondent's custody. Any such order would be ineffectual, and therefore, Petitioner's request for habeas relief is moot. The Court now lacks jurisdiction over the Petition, which should be denied accordingly.

## RECOMMENDATION

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner Ger L.'s petition for a writ of habeas corpus (ECF No. 1) be **DENIED AS MOOT**.

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: August 26, 2026

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).